**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                                                              PLAINTIFF

V.                                      NO. 4:20CR00057-001   LPR

GEORGE GIBSON                                                                                              DEFENDANT

## ORDER

Pending before the Court is defendant's pro se motion for early termination of supervised release. Defendant pled guilty to Felon in Possession of a Firearm. He was on supervision when he committed the instant offense and was sentenced to one hundred twenty months imprisonment to be followed by two years of supervised release.

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which provides that the Court may, after considering the relevant factors under 18 U.S.C. § 3553(a), terminate supervised release any time after the expiration of one year of supervised release, provided that the Court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The defendant's supervision began on July 19, 2019. That means he has completed a little over one year of supervised release. The report from the probation office indicates that he has met the conditions imposed upon him as terms of his supervision. Mere compliance with the terms of supervision does not, however, justify early termination because compliance is expected. *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003). Without more, early termination is not justified. *Id*. And while Mr. Gibson's extra achievements are very admirable and bode well for his future, they are not sufficient reasons to terminate supervised release when weighed against the other factors that the court must consider.

When the Court imposed sentence, it considered all the factors under 18 U.S.C. § 3553(a). The defendant has presented nothing to indicate that the circumstances have changed since then in a way that would change the factorial analysis or the contours of the appropriate

sentence. Moreover, he has not explained what problems supervised release is causing him at this point. Finally, as noted above, he was on supervision when he committed the instant offense. So the chance of re-offense during the remainder of supervised release is not theoretical. There is still good reason for supervised release in light of all the relevant 3553(a) factors.

At present, Mr. Gibson appears to be thriving on supervised release. That is great; that is how it is supposed to work. The Court does not want to do something that would undermine or undue the progress Mr. Gibson has made. The Court has considered the defendant's motion, government's response and the memorandum from the probation office. The Court has also considered all of the 3553(a) factors. The Court finds that defendant's motion should be denied. Early termination is not warranted and is not in the interests of justice.

IT IS SO ORDERED that defendant's pro se motion for early termination of supervised release (Doc. 2) is denied.

DATED this 22nd day of July 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE